Luis Arturo OROZCO–ALVAREZ, a.k.a. Arturo Luis Orozco, a.k.a. Luis Arturo Orozco, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

Nos. 11–72748, 12–70706.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2014.*

Filed Aug. 18, 2014.

Luis Arturo Orozco–Alvarez, Florence, AZ, pro se.

Anthony W. Norwood, Senior Litigation Counsel, Oil, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

MEMORANDUM **

In these consolidated petitions for review, Luis Arturo Orozco–Alvarez, a native and citizen of Mexico, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from a decision of an immigration judge ("IJ") denying his application for

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cancellation of removal and of the BIA's subsequent order denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and due process claims, *Simeonov v. Ashcroft,* 371 F.3d 532, 535 (9th Cir.2004), and review for abuse of discretion the denial of a motion to reopen, *Nehad v. Mukasey,* 535 F.3d 962, 966 (9th Cir.2008). We deny in part and dismiss in part the petitions for review.

The BIA correctly determined that Orozco–Alvarez's conviction under Arizona Revised Statutes § 13–3407 is for a controlled-substance violation that renders him removable under 8 U.S.C. § 1227(a)(2)(B) because a modified-categorical analysis of the criminal complaint, read in conjunction with the plea agreement, establishes that Orozco–Alvarez's offense relates to methamphetamine. *See Mielewczyk v. Holder,* 575 F.3d 992, 998 (9th Cir.2009) ("Ariz.Rev.Stat. § 13–3407(A)(7) ... relate[s] to a controlled substance."); 21 C.F.R. § 1308.12(d)(2) (listing methamphetamine as a Schedule II controlled substance). In doing so, the BIA properly relied on the judicially noticeable conviction record evidencing Orozco–Alvarez's plea to the facts alleged in the criminal complaint. *See Retuta v. Holder,* 591 F.3d 1181, 1185 (9th Cir.2010) (relying on a criminal complaint and a minute order to find a controlled-substance violation for methamphetamine). Because Orozco–Alvarez is removable for his section 13–3407 conviction, we need not consider his arguments regarding his separate drug-paraphernalia conviction. *See Simeonov,* 371 F.3d at 538.

Orozco–Alvarez has not established that he was deprived of a full and fair hearing, where he waived his right to retain counsel and the opportunity for a longer adjournment to prepare his case, the record does not reveal that the interpreter harbored a deep-seated favoritism or antagonism that made fair judgment by the IJ impossible, any alleged interpretation errors either were irrelevant or became irrelevant through subsequent clarification, and Orozco–Alvarez does not claim or appear to have misunderstood the interpreter's translations. *See Vargas–Hernandez v. Gonzales,* 497 F.3d 919, 925, 926–27 (9th Cir.2007) ("Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings ... do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible" (citation omitted); "Where an alien is given a full and fair opportunity to be represented by counsel, prepare an application for ... relief, and to present testimony and other evidence in support of the application, he or she has been provided with due process."); *Kotasz v. INS,* 31 F.3d 847, 850 n. 2 (9th Cir.1994) ("In order to make out a due process violation ..., the alien must show that 'a better translation would have made a difference in the outcome of the hearing.' " (citation omitted)).

The BIA did not abuse its discretion by denying Orozco–Alvarez's motion to reopen based on ineffective assistance of counsel on the ground that Orozco–Alvarez failed to demonstrate prejudice from the alleged ineffective assistance, because he *did not explain what material evidence he was prevented from introducing at his hearing.* Cf. *Nehad,* 535 F.3d at 971 (holding that prejudice may result when "the alien is *prevented* from reasonably presenting [his or] her case' " (citation omitted) (emphasis added)).

Orozco–Alvarez waived his contention that the agency's removal order violates international law. *See Ghahremani v. Gonzales,* 498 F.3d 993, 997 (9th Cir.2007)

("Issues raised in a brief that are not supported by argument are deemed abandoned." (citation omitted)).

We lack jurisdiction to review the BIA's decision denying Orozco–Alvarez's cancellation application in the exercise of discretion, *see Bermudez v. Holder,* 586 F.3d 1167, 1169 (9th Cir.2009) (per curiam), and its decision declining to exercise its sua sponte authority to reopen, *see Sharma v. Holder,* 633 F.3d 865, 874 (9th Cir.2011).

We deny Orozco–Alvarez's motion to supplement the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A) (limiting review to "the administrative record on which the order of removal is based").

**PETITIONS FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.